IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Karen Laurence, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SIEMENS INDUSTRY, INC.,<br><br>Defendant. | Case No.: 4:23-cv-2521-JD<br><br>**JURY DEMAND** |

## CLASS ACTION COMPLAINT

Plaintiff Karen Laurence ("Plaintiff") brings this action against Defendant Siemens Industry, Inc. ("Siemens" or "Defendant"), by and through her attorneys, individually and behalf of all others similarly situated, and alleges as follows based on upon personal belief as to her own facts, and upon investigation of counsel as to all other matters:

## INTRODUCTION

1. This is a class action lawsuit brought by Plaintiff on behalf of herself and a class of individuals who purchased Arc Fault Circuit Interrupters ("AFCI") manufactured by Siemens Industry, Inc.[1]

2. The purpose of AFCIs is to protect the branch circuit wiring from dangerous arcing faults that could initiate an electrical fire. AFCIs monitor the circuit for the presence of "normal" and "dangerous" arcing conditions.

3. Siemens' AFCIs contain a defect that causes them to trip when subject to normal arcing conditions, which is referred to as "nuisance tripping."

---

[1] Plaintiff reserves the right to amend the definition of the class after conducting discovery.

4.     This action arises from Defendant's failure, despite its longstanding knowledge of this material defect, to disclose to Plaintiff and other consumers that its AFCIs suffer from a defect that causes excessive nuisance tripping.

5.     Significantly, and as a result of the defective nature of the AFCIs, they excessively trip and disable all outlets connected to the breakers. This causes appliances and devices such as refrigerators and HVAC units to turn off. Some consumers have reported that they fear leaving their home for extended periods of times because the AFCIs trip multiple times a day, which would cause the interior temperature of the home to excessively fluctuate, and cause food stored in refrigerators to spoil.

6.     Owners of the AFCIs have communicated with Siemens and their agents to request that Siemens remedy and/or address the defective AFCIs at no expense. Siemens has failed and/or refused to do so.

7.     As a result of Siemens' unfair, deceptive, and/or fraudulent business practices, consumers, including Plaintiff, have suffered an ascertainable loss of money and/or property.

8.     As a result of the defective nature of the AFCIs, and the considerable monetary costs associated with attempting to repair or replace them, Plaintiff and Class members have suffered injury in fact, incurred damages, and have otherwise been harmed by Siemens' conduct.

9.     Accordingly, Plaintiff brings this action to redress Siemens' violations of South Carolina Consumer Protection Law and also to seek recovery for Siemens' breach of express and implied warranties, common law fraud, and unjust enrichment.

**JURISDICTION AND VENUE**

10.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 of the Class Action Fairness Act of 2005 because: (i) there are 100 or more class

members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one plaintiff and one defendant are citizens of different states. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

11.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this district. Further, Siemens transacts business in this district, is subject to personal jurisdiction in this district, and therefore is deemed to be citizens of this district. Additionally, Siemens has advertised in this district and have received substantial revenue and profits from its sales of AFCIs in this district; therefore, a substantial part of the events and/or omissions giving rise to the claims occurred, in part, within this district.

12.     This Court has general personal jurisdiction over Siemens because it has conducted substantial business in this judicial district, and intentionally and purposefully placed the AFCIs into the stream of commerce within the District of South Carolina and throughout the United States.

**THE PARTIES**

**Plaintiff Karen Lawrence**

13.     Plaintiff Karen Lawrence is a citizen of the State of South Carolina and resides in Florence, South Carolina.

14.     In or around October 2021, Plaintiff moved into her new construction home located in Florence, SC, and as part of the construction of her new home, she purchased and had Siemens' AFCIs installed.

15. Starting from the time Plaintiff moved into her new home, the AFCIs suffered from excessive nuisance tripping. This nuisance tripping would occur regularly and power off various appliances throughout in her home.

16. Plaintiff has contacted her home builder to request warranty service to request that the AFCIs in her home be replaced with non-defective breakers at no cost. To date, no AFCIs have been replaced in her home, despite those AFCIs also suffering from nuisance tripping.

17. Had Siemens disclosed that the AFCIs were defective, Plaintiff Lawrence would not have purchased the AFCIs, or would have paid less for them.

18. Plaintiff Lawrence has suffered an ascertainable loss as a result of Siemens' omissions associated with the AFCIs, including, but not limited to, repair and replacement costs, future attempted repairs, and diminished value of his home.

19. Neither Siemens, nor any of its agents, dealers, or other representatives, informed Plaintiff Lawrence of the existence of the defective nature of the AFCIs.

## TOLLING OF STATUTES OF LIMITATION

20. Any applicable statute(s) of limitations has been tolled by Siemens' knowing and active concealment and denial of the facts alleged herein. Plaintiff and members of the Class could not have reasonably discovered the true, latent defective nature of the AFCIs until shortly before this class action litigation was commenced.

21. Siemens was and remains under a continuing duty to disclose to Plaintiff and members of the Class the true character, quality, and nature of the AFCIs and that they will require costly repairs and replacements. As a result of the active concealment by Siemens, any and all applicable statutes of limitations otherwise applicable to the allegations herein have been tolled.

**FACTUAL ALLEGATIONS**

22. AFCIs employ advanced electronic technology to monitor circuits for the presence arcing conditions.

23. Arcing can occur when a circuit becomes overloaded and overheats. The overheating can cause damage to the circuit breaker and its connection to the bus. Damaged circuit breakers can malfunction and allow electricity to flow between their connections instead of tripping (which shuts off the electrical flow).

24. The AFCIs are intended to monitor and distinguish between normal and dangerous arcing conditions. A normal arcing condition can occur when certain equipment creates an arcing condition, such as a vacuum cleaner, and are considered harmless. A dangerous arcing condition can occur for a variety of reasons, including damage to the electrical conductor insulation.

25. When the AFCI detects a dangerous arcing condition, it is designed to remove the arcing condition before it can become a fire hazard. This is done by breaking the circuit, which cuts power and prevents electrical fires.

26. Siemens' defective AFCIs are unable to adequately distinguish between normal arcing conditions and dangerous arcing conditions, which causes them to suffer from "nuisance tripping."

27. Nuisance tripping refers to the breaker tripping for reasons other than preventing a dangerous arcing condition (i.e. tripping due to normal arcing conditions).

28. When a breaker trips, such as with nuisance tripping, the only way to restore power is to manually reset the breaker in the circuit breaker.

29.     As a result of the defective AFCIs, consumers frequently lose power to some, if not all, of their home appliances and other devices, and are forced to manually reset the breaker to restore power. For some consumers, including Plaintiff, this often occurs daily.

## CLASS ACTION ALLEGATIONS

30.     Plaintiff brings this action on behalf of herself, and on behalf of the following nationwide class pursuant to FED. R. CIV. P. 23(a), 23(b)(2), and/or 23(b)(3). Specifically, the nationwide class consists of the following:

**Nationwide Class:**
All persons or entities in the United States who purchased Siemens' AFCIs
(the "Nationwide Class").

31.     In the alternative to the Nationwide Class, and pursuant to FED. R. CIV. P. 23(c)(5), Plaintiff seeks to represent the following state class only in the event that the Court declines to certify the Nationwide Class above:

**South Carolina Class:**
All persons or entities in South Carolina who purchased Siemens' AFCIs
(the "South Carolina Class").

32.     Together, the South Carolina class shall be collectively referred to herein as the "State Class" and together with the Nationwide Class, the "Class" or "Classes." Excluded from the Classes are Siemens, its affiliates, employees, officers, and directors, persons, or entities that purchased the AFCIs for resale, and the Judge(s) assigned to this case. Plaintiff reserves the right to modify, change, or expand the Class definitions.

33.     <u>Numerosity</u>: Upon information and belief, the Classes are so numerous that joinder of all members is impracticable. While the exact number and identities of individual members of the Classes are unknown at this time, such information being in the sole possession

of Siemens and obtainable by Plaintiff only through the discovery process, Plaintiff believes that thousands of AFCIs have been sold in each of the states that are the subject of the Classes.

34.     Existence and Predominance of Common Questions of Fact and Law: Common questions of law and fact exist as to all members of the Classes. These questions predominate over the questions affecting individual Class members. These common legal and factual questions include, but are not limited to:

a. whether the AFCIs are defective and suffer from nuisance tripping;

b. whether the AFCIs contain a manufacturing or design defect;

c. whether the defect is common to all or some of the AFCIs;

d. whether Siemens knowingly failed to disclose the existence and cause of the defect in the AFCIs;

e. whether Siemens' conduct violates the consumer protection statutes alleged herein;

f. whether, as a result of Siemens' omissions of material facts related to defective AFCIs, Plaintiff and members of the Class have suffered ascertainable loss of monies and/or property and/or value;

g. whether, as a result of Siemens' omissions of material facts related to defective AFCIs, Plaintiff and members of the Class have suffered an increased cost of maintenance related to the AFCIs; and

h. whether Plaintiff and Class members are entitled to monetary damages and/or other remedies and, if so, the nature of any such relief.

35.     <u>Typicality</u>: All of the Plaintiff's claims are typical of the claims of the Classes since Plaintiff purchased the defective AFCIs, as did each member of the Class. Furthermore, Plaintiff and all members of the Classes sustained monetary and economic injuries including, but not limited to, ascertainable loss arising out of Siemens' wrongful conduct. Plaintiff is advancing the same claims and legal theories on behalf of themselves and all absent Class members.

36. <u>Adequacy</u>: Plaintiff is an adequate representative because their interests do not conflict with the interests of the Classes that they seek to represent, they have retained counsel competent and highly experienced in complex class action litigation, and they intend to prosecute this action vigorously. Plaintiff and her counsel will fairly and adequately protect the interests of the Classes.

37. <u>Superiority</u>: A class action is superior to all other available means of fair and efficient adjudication of the claims of Plaintiff and members of the Classes. The injury suffered by each individual Class member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Siemens' conduct. It would be virtually impossible for members of the Classes to individually and effectively redress the wrongs done to them. Even if the members of the Classes could afford such individual litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation also increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Upon information and belief, members of the Classes can be readily identified and notified based on, inter alia, Siemens' internal records.

38. Siemens has acted, and refused to act, on grounds generally applicable to the Class, thereby making appropriate final equitable relief with respect to the Class as a whole.

## **VIOLATIONS ALLEGED**

### **COUNT I**
**Breach of the Implied Warranty of Merchantability**
**(On Behalf of the Nationwide Class, or alternatively, the State Class)**

39. Plaintiff and the Classes incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

40. Siemens was at all relevant times the manufacturer, distributor, warrantor, and/or seller of the AFCIs. Siemens knew or had reason to know of the specific use for which the AFCIs were purchased.

41. Siemens provided Plaintiff and the class with an implied warranty that the AFCIs and any parts thereof were merchantable and fit for the ordinary purposes for which they were sold. However, the AFCIs are not fit for their ordinary purpose because, inter alia, they are defective and suffer from excessive nuisance tripping.

42. Contrary to the applicable implied warranties, the AFCIs at the time of sale and thereafter were not fit for their ordinary and intended purpose of being used as electrical breakers in homes and other structures of Plaintiff and the Class.

43. Siemens' actions, as complained of herein, breached the implied warranty that the AFCIs were of merchantable quality and fit for such use as electrical breakers.

44. Plaintiff and the Class Members are entitled to legal and equitable relief against Siemens, including damages, consequential damages, specific performance, attorney fees, costs of suit, and other relief as appropriate.

## COUNT III

**Violations of the Magnuson-Moss Warranty Act**
**(On Behalf of the Nationwide Class, or alternatively, the State Classes)**

45. Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully set forth at length herein.

46. The Magnuson-Moss Warranty Act ("MMWA") provides a private right of action by purchasers of consumer products against retailers who, inter alia, fail to comply with the

terms of a written or implied warranty. 15 U.S.C. § 2310(d)(1). As alleged herein, Siemens have failed to comply with its implied warranty of merchantability with regard to the AFCIs.

47. The AFCIs are "consumer product[s]", as that term is defined in 15 U.S.C. § 2301(1).

48. Plaintiff and each member of the Classes defined above are "consumer[s]", as that term is defined in 15 U.S.C. § 2301(3).

49. Siemens is a "supplier" and "warrantor," as those terms are defined in 15 U.S.C. § 2301(4)-(5).

50. The MMWA provides a cause of action for breach of a written or implied warranty or other violations of the Act. 15 U.S.C. § 2310(d)(1).

51. Siemens' warranties are "written warranties" within the meaning of 15 U.S.C. § 2301(6).

52. Siemens provided Plaintiff and the other Class members with an implied warranty of merchantability in connection with the purchase of the AFCIs that is an "implied warranty" within the meaning of the MMWA, 15 U.S.C. § 2301(7). As part of the implied warranty of merchantability, Siemens warranted that the AFCIs were fit for their ordinary purpose as electrical breakers, would pass without objection in the trade as manufactured and marketed, and were adequately contained, packaged, and labeled.

53. Siemens breached these implied warranties and are therefore liable to Plaintiff and the Class pursuant to 15 U.S.C. § 2310(d)(1). Without limitation, the AFCIs share common defects in that they suffer from the excessive nuisance tripping.

54. Siemens was provided notice of the claims raised by Plaintiff and was afforded a reasonable opportunity to cure. Siemens failed to cure in that it has not offered an effective repair

or replacement breakers to Plaintiff and the class. Until Plaintiff's representative capacity is determined, notice and opportunity to cure through Plaintiff, and on behalf of the Class, can be provided under 15 U.S.C. § 2310(e).

55.     Siemens' acts and omissions in violation of the MMWA are "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce," and they are unlawful. 15 U.S.C. §§ 2310(b), 45(a)(1).

56.     Plaintiff and the members of the Class have suffered, and are entitled to recover, damages as a result of Siemens' breach of implied warranties and violations of the MMWA.

57.     Plaintiff also seeks an award of costs and expenses, including attorneys' fees in connection with the commencement and prosecution of this action under 15 U.S.C. § 2310(d)(2). Plaintiff and the prospective Class intend to seek such an award, including expert witness costs and other recoverable costs, as prevailing consumers at the conclusion of this lawsuit.

## COUNT IV
### Common Law Fraud
### (On Behalf of the Nationwide Class and State Class)

58.     Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully set forth at length herein.

59.     Siemens made material omissions concerning a presently existing or past fact. For example, Siemens did not fully and truthfully disclose to their customers the true nature of the inherent defect with the AFCIs, which was not readily discoverable until after the AFCIs were purchased. As a result, Plaintiff and the other Class members were fraudulently induced purchase the AFCIs, which suffer from excessive nuisance tripping.

60.     These omissions were made by Siemens with knowledge of their falsity, and with the intent that Plaintiff and Class members rely upon them.

61. Plaintiff and Class members reasonably relied on these omissions and suffered damages as a result.

62. Plaintiff and the Class Members are entitled to legal and equitable relief against Siemens, including damages, consequential damages, specific performance, attorney fees, costs of suit, and other relief as appropriate.

## COUNT V
### Unjust Enrichment
**(On Behalf of the Nationwide Class and State Classes)**

63. Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully set forth at length herein.

64. Plaintiff and Class members conferred a benefit on Siemens.

65. Siemens had knowledge that this benefit was conferred upon it.

66. Siemens has been and continues to be unjustly enriched at the expense of Plaintiff, and its retention of this benefit under the circumstances would be inequitable.

67. Siemens should be required to disgorge this unjust enrichment.

## COUNT VI
### Negligent Design Defect
**(On Behalf of the Nationwide Class and State Classes)**

68. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

69. Defendant owes a duty to Plaintiff and Class Members to design the AFCIs in a reasonable manner.

70. The designs of the Siemens AFCIs are defective and unreasonably useless, causing nuisance trips and power outages.

71.     The design of the Siemens AFCIs caused it to be not fit, suitable, or safe for their intended purpose. The shortcomings of the Siemens AFCIs and their nuisance trips outweighed the benefits and rendered the Siemens AFCIs to be unreasonably useless.

72.     There are other AFCIs that do not cause nuisance trips and power outages.

73.     The risk/benefit profile of the Siemens AFCIs was unreasonable, and the Siemens AFCIs should not have been sold in the market.

74.     The Siemens AFCIs did not perform as a reasonable consumer would expect.

75.     The Defendant's negligent design of the AFCIs and their nuisance trips was the proximate cause of the damages to Plaintiff and Class Members.

76.     Plaintiff and Class Members suffered damages in the amount to be determined at trial and are entitled to any incidental, consequential, and other damages and other legal and equitable relief, as well as costs and attorney's fees, available under law.

## COUNT VII
### Negligent Failure to Warn
**(On Behalf of the Nationwide Class and State Classes)**

77.     Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

78.     Defendant owed Plaintiff and Class members a duty of care and to warn consumers of any risks associated with the Siemens AFCIs.

79.     Defendant knew or should have known of the nuisance tripping with the AFCIs but failed to warn Plaintiff and Members of the Classes.

80.     Defendant's breach of duty caused Plaintiff and Class Members economic damages and injuries in the form of economic loss from the market value of the AFCIs at the time of purchasing to the value of purchasing AFCIs prone to nuisance tripping.

81. Plaintiff and Class Members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, and other damages and other legal and equitable relief, as well as costs and attorney's fees, available under law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and members of the Classes, respectfully request that this Court:

A. determine that the claims alleged herein may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and issue an order certifying the Classes as defined above;

B. appoint Plaintiff as the representatives of the Classes and their counsel as Class Counsel;

C. award all actual, general, special, incidental, statutory, punitive, and consequential damages to which Plaintiff and Class members are entitled;

D. award pre-judgment and post-judgment interest on such monetary relief;

E. grant appropriate injunctive and/or declaratory relief, including, without limitation, an order that requires Siemens to repair, recall, and/or replace the AFCIs and provide Plaintiff and Class members with appropriate curative notice regarding the existence and cause of the defect(s);

F. award reasonable attorney's fees and costs; and

G. grant such further relief that this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: June 6, 2023

*/s/Paul Doolittle*
Paul Doolittle, Esq. (Fed. Bar No. 6012)
Blake G. Abbott, Esq. (Fed. Bar No. 13354)

**Poulin | Willey | Anastopoulo, LLC**
32 Ann Street
Charleston, SC 29403
803-222-2222
Email: blake@akimlawfirm.com
pauld@akimlawfirm.com